## Commonwealth v. Doe

*Robert T. Fox*, district attorney, and *E. LeRoy Keen*, assistant district attorney, for Commonwealth.

*Walter R. Sohn*, for defendant.

Fox, J., December 21, 1931.—This matter comes before us upon a rule granted on the district attorney to show cause why the search warrant issued in the case should not be quashed, and the evidence obtained suppressed and not used against the petitioner in a criminal prosecution now pending.

The pertinent part of the petition in substance is that the search warrant issued called for the search of "three-story brick apartment house containing a storeroom on the first floor, the upper floors containing apartments. The said apartment being located on the second floor rear, and known as and located at No. 26 Grace Street, City of Harrisburg, County of Dauphin."

The argument made by counsel for the petitioner is that the apartment on the second floor of the building is not in the rear as described, and known as and located at No. 26 Grace Street, but, as a matter of fact, is on the front.

The fact is that the building, in which the apartment is, extends from Fourth Street to Grace Street and is numbered on both streets; Fourth Street is the more prominent of the two streets and is considered as the front of the building, although the building is also numbered as No. 26 Grace Street; that part of the building fronting on Grace Street would be the rear of the building, regarding Fourth Street as the more prominent of the two streets, and it is reasonable to conclude that the affiant who made the affidavit in obtaining the search warrant therefor regarded Fourth Street as the front and Grace Street as the rear of the building. At any rate, the defendant occupied the apartment on the second floor of No. 26 Grace Street, and this is stated in the affidavit and the search warrant. The objection is highly technical. A search was made of the defendant's apartment and the intoxicating liquor described in the petition was there found.

Our Constitution requires searches and seizures to be reasonable. We do not regard this as unreasonable, and are of opinion that the rule should be discharged.

And now, December 21, 1931, upon due consideration, the rule is discharged, at the cost of the petitioner. From Homer L. Kreider, Harrisburg, Pa.